# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1357V
Filed: October 31, 2018
UNPUBLISHED

| | |
|---|---|
| PRISCILLA BRIERTON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Scott R. Doody*, Law Offices of Scott R. Doody, Fort Worth, TX, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On November 12, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of the influenza vaccine she received on November 12, 2013.  Petition at 1.  On January 31, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.  ECF No. 55.

---

[1]  The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 31, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 60. Petitioner requests attorneys' fees in the amount of $40,436.50 and attorneys' costs in the amount of $7,766.18. *Id.* at 13. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. ECF No. 63 at 1. Thus, the total amount requested is $48,202.68.

On September 13, 2018, respondent filed a response to petitioner's motion. ECF No. 62. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I.     Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## II. Discussion

### A. Hourly Rate

Mr. Doody attests he has been practicing law for over 16 years, which places him in the range of attorneys' with 11 – 19 years' experience for the duration of this case. *Id.* at 3. Petitioner requests compensation for attorney Scott R. Doody at the following rates; $275 per hour for work performed in 2014, $300 per hour for work performed in 2015, $325 per hour for work performed in 2016, $350 per hour for work performed in 2017 and $350 per hour for work performed in 2018. ECF No. 60 at 5-12. The undersigned finds the rate of $275 for 2014 and $300 for the rate of 2015 appropriate and awards it herein. [3]

Given Mr. Doody's inexperience in the Vaccine Program[4], a reduction of his requested rates is deemed appropriate. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Mr. Doody's hourly rate has previously been reduced in another vaccine program case based on the OSM Attorney Forum Rate Fee Schedule. *Harborth v. Sec'y of Health & Human Servs.,* No. 08-777V, 2016 WL 3561713, at *4 (Fed. Cl. Spec. Mstr. May 18, 2016). In *Harborth*, the special master reduced the rates awarded to Mr. Doody to $300 per hour for work performed in 2015 and 2016. *Id.* The undersigned finds the rates awarded to Mr. Doody in *Harborth* for 2016 to be reasonable[5] and awards them herein.

Furthermore, based on the undersigned's experience and application of the factors discussed in *McCulloch*, Mr. Doody's requested hourly rate for work performed in 2017 is reduced to $315 and for work performed in 2018 his hourly rate is reduced to

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch*, 2015 WL 5634323, at *19.

[4] This is Mr. Doody's fourth case in the Vaccine Program. He currently has no cases pending before the Vaccine Court.

[5] Throughout this case Mr. Doody had difficulty following Court orders, obtaining and filing medical records and documentation to support un-reimbursable medical expenses and meeting deadlines. *See* Scheduling Orders dated December 7, 2016, January 7 and 9, 2017. Thus, Mr. Doody's quality of work performed does not justify a higher hourly rate.

3

$325.  *McCulloch*, 2015 WL 5634323, at *17.  Therefore, **the request for attorneys' fees is reduced by $2,512.50**.[6]

      B.    Travel Time

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no case work was being performed at one-half an attorney's hourly rate.  *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).  "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling."  *Id.*

Mr. Doody billed travel time throughout the case and petitioner's application for attorneys' fees does not indicate whether Mr. Doody performed work while traveling.  In 2014, Mr. Doody billed 3 hours at the reduced rate of $137 per hour and in 2015 billed 3 hours at the rate of $150 per hour.  As these rates are 50% of the hourly rates for those years, the undersigned finds the rates appropriate and awards them herein.  For 2017 and 2018 Mr. Doody billed his travel time as follows:

    2017 Travel
    14 hours at $175 per hour
     3 hours at $187 per hour
     3 hours at $350 per hour

    2018 Travel
     6 hours at $187 per hour

ECF No. 60 at 9-12.

The billing rates for the 2017 travel time are inconsistent and shall be reduced by 50% of the hourly rate awarded for 2017 and 2018.  At a 50% reduction, the rate for travel in 2017 will be $157.50 per hour.  The rate for travel in 2018 will be $162.50 per hour.  Therefore, **the request for attorneys' fees is reduced by $1,058.00**.[7]

---

[6] This amount consists of ($325 - $300 = $25 x 28.7 = $717.50) + ($350 - $315 = $35 x 35 = $1,575.00) + ($375 - $325 = $50 x 11.4 = $570.00) = $2,862.50.

[7] This amount consists of ($175 - $157.50 = $17.50 x 14 = $245) + ($187 - $157.50 = $29.50 x 3 = $88.50) + ($350 - $157.50 = $192.50 x 3 = $577.50) + ($187 - $162.50 = $24.50 x 6 = $147.00) = $1,058.00.

C.  Duplicative Entries

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

The undersigned notes multiple duplicated entries are listed throughout the billing records filed with petitioner's application for attorneys' fees.  These entries include:

May 7, 2015 (0.10 hrs) "Draft HIPPA Auth."
January 7, 2016 (1.0hrs) "Hearing with Special Master"[8]
June 1, 2016 (0.10hrs) "Draft email and file statement of completion"
November 14, 2016 (0.10hrs) "Review email from LCP"
June 18, 2017 (1.50 hrs) "Meet with client to get case expenses"
July 14, 2017 (0.10hrs) "Review scheduling order"
July 14, 2017 (0.20 hrs) "Review joint status report"
January 23, 2018 (0.30 hrs) "Draft and file case status report"
March 5, 2018 (0.30 hrs) "Review Judgment"
March 6, 2018 (0.20 hrs) "Draft and file Notice of election to accept judgment"

ECF No. 60 at 5 – 11.

These entries total 3.9 hours of duplicated time.  The undersigned shall **reduce the request for attorney's fees by, $744.50,**[9] the total amount of the duplicated entries.

D.  Paralegal Tasks

Mr. Doody billed 7.6 hours on tasks that could be completed by a paralegal. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009).  "[T]he rate at which such work is

---

[8] The court docket does not reflect a hearing was held on this date, however a status conference was held with all parties. The status conference was billed on this date as a separate entry. ECF No. 60 at 6.

[9] This amount consists of 1.30 hours at the rate of $300 per hour, 0.30 hours at the reduced rate of $315 per hour and 0.80 hours at the rate of $325 per hour.

compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Examples of these entries include:

> July 1, 2014 (0.10 hrs) "Draft HIPPA Auth. and send it to client for signature"
> July 30, 2014 (1.10 hrs) "Draft list of medical providers"
> May 23, 2016 (0.10 hrs) "Draft and file notice of intent to file"
> January 13, 2017 (1.20 hrs) "Prepare and Send Medical Records to expert to review"
> April 18, 2017 (0.30 hrs) "File Medical record Exhibit 30"
> July 14, 2017 (2.20 hrs) "Create spread sheet with client out of pocket bills"
> March 20, 2018 (0.70hrs) "Draft and file notice of change of address"
> June 8, 2018 (0.10 hrs) "Call with Dos regarding check status"

ECF No. 60 at 5 – 12.

The undersigned shall **reduce the request for attorney's fees in the amount of $1,287.00**.[10]

### E. Administrative Time

It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Over 4 hours of time was billed on tasks considered administrative, including sending correspondence, creating files, mailing payments and confirming appointments. Examples of these entries include the following[11]:

> April 25, 2014 (0.20 hrs) "Send PNC new client information sheet"
> July 1, 2014 (0.20 hrs) "Set up case file"
> January 9, 2017 (0.10 hrs) "Email confirming Expert meeting"
> February 23, 2017 (0.20 hrs) "Send Check to Expert for Life Care Plan"
> July 13, 2017 (0.10 hrs) "Set up meeting with client to review settlement offer"

ECF No. 60 at 5-6, 8-10, 12.

---

[10] This amount consists of ($275 - $135 = $140 x 1.4 hours = $196) + ($300 per hour - $135 = $165 x 3 = $495) + ($315 - $135 = $180 x 1.2 = $216) + ($325 - $135 = $190 x 2 = $380) = $1,287.00

[11] The entries on this list are merely examples and not exhaustive.

The undersigned shall **reduce the request for attorney's fees in the amount of $824.00**.[12]

### F. Attorneys' Costs

Petitioner requests compensation for attorneys' costs in the amount of $7,766.18. These costs include medical records, filing fees, and expenses regarding the life care plan. ECF No. 60 at 12. On September 6, 2018, the undersigned filed a scheduling order for petitioner's counsel to submit receipts or invoices to support the request for attorney costs. ECF No. 61. On October 2, 2018, petitioner filed a supplemental motion for attorneys' fees and costs, including incomplete receipts and invoices for costs. ECF No. 64. At this time, the undersigned will award petitioner the requested attorneys' costs in full, however, in the future, requested attorneys' costs will be reduced if the supporting documentation is not included.

Therefore, the undersigned **awards the request for attorneys' costs in the full amount of $7,766.18.**

## III. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs as follows:

**Attorneys' Fees:**

| | |
|---|---|
| Total Requested: | $40,436.50 |
| Less Hourly Rate Adjustment: | ($ 2,512.50) |
| Less Travel Time: | ($ 1,058.00) |
| Less Duplicative Entries: | ($ 744.50) |
| Less Paralegal Rate Adjustment: | ($ 1,287.00) |
| Less Administrative Time: | ($ 824.00) |

**Attorneys' Costs:**

| | |
|---|---|
| Total Requested: | $ 7,766.18 |
| Total Awarded | $ 7,766.18 |

---

[12] This amount consists of .5 hours at $275 per hour, .5 hours at $300 per hour, 1.6 hours at the already reduced rate of $315 per hour and .1 hour at the already reduced rate of $325 per hour.

      **Total Attorneys' Fees and Costs Awarded:**      **$ 41,776.68**

      **Accordingly, the undersigned awards the total of $41,776.68[13] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Scott R. Doody.**

      The clerk of the court shall enter judgment in accordance herewith.[14]

**IT IS SO ORDERED.**

                                                  **s/Nora Beth Dorsey**
                                                  Nora Beth Dorsey
                                                  Chief Special Master

---

[13] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[14] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.